**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| NICHOLAS A. DAVIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | NO.  CIV-08-0550-HE |
| | ) | |
| OKLAHOMA COUNTY, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

### ORDER

Plaintiff Nicholas A. Davis, a state prisoner appearing *pro se* and *in forma pauperis* instituted this action under 42 U.S.C. § 1983, alleging violations of his constitutional rights. Specifically he claims he was assaulted while incarcerated at the Oklahoma County Jail and denied adequate medical care.  Consistent with 28 U.S.C. §636(b)(1)(B), the matter was referred for initial proceedings to Magistrate Judge Robert E. Bacharach.  He has recommended that the plaintiff's claims against Oklahoma County and defendants Whetsel and Locke in their official capacities be dismissed and that summary judgment be entered in defendant Whetsel's favor on the plaintiff's claims against him in his personal capacity. With respect to the plaintiff's personal capacity claim against defendant Locke for failure to provide adequate protection, the magistrate judge recommends that the court reject defendant Locke's arguments for dismissal or summary judgment (1) on the basis of the timeliness of the plaintiff's claim arising out of the alleged September 24, 2006, and his asserted failure to exhaust that claim and (2) on the basis of failure to state a claim, frivolousness and qualified immunity.  He also recommends that, on the basis of timeliness, the court dismiss the plaintiff's claims against defendant Locke that involve assaults that predate September

24, 2006, and, for lack of exhaustion, grant summary judgment in defendant Locke's favor on the plaintiff's claim against him in his personal capacity based on alleged deliberate indifference to medical needs. Both the plaintiff and defendant Locke have filed objections to the Report and Recommendation.

The plaintiff's challenge is limited to the suggested dismissal of his official capacity claims against defendants Oklahoma County, John Whetsel and Brian Locke. He makes a conclusory statement in his objection about a jail policy of placing inmates in protective custody and then putting them back in the general jail population. However, the crux of his objection is that he, personally, was mistreated by the jail staff. In neither his objection nor his second amended complaint, does the plaintiff allege facts demonstrating an unconstitutional county custom or policy. Therefore, as the magistrate judge determined, the plaintiff has failed to state official capacity claims against the defendants.

Defendant Locke objects to the magistrate judge's conclusion his motion should be denied with respect to the plaintiff's claim against him in his personal capacity based on the September 24, 2006, altercation. He claims the plaintiff has neither alleged nor made a showing that he was aware that the plaintiff was being threatened by other inmates or intentionally allowed the assault. The court concurs with the magistrate judge that the plaintiff's factual allegations satisfy the objective and subjective components of an Eighth Amendment failure to protect claim. [1]

---

[1]*Defendant Locke argues that exhibits submitted by the plaintiff – Jail Facility Reports completed by defendants Locke – indicate that he was not in the pod at the time the altercation*

Defendant Locke contends the magistrate judge also erred in concluding that the plaintiff had exhausted his administrative remedies. He asserts that, while the plaintiff had until 10/08/06 to file a timely grievance, he conceded he did not file a grievance before 12/12/06. However, what the plaintiff alleged in his complaint was that he sent his grievance "around about 10.12.06 or 10.15.06." Second amended complaint, p. 5. The court finds this suffices, for purposes of the defendant's motion, to demonstrate timely submission of the plaintiff's grievance.

In addition to claiming that the plaintiff's grievance was untimely, defendant Locke asserts that the plaintiff failed to appeal from its denial. He contends the magistrate judge did not address this issue, ignoring the Magistrate Judge's conclusion, with which the court agrees, that a fact-finder could "conclude that administrative remedies had become unavailable when jail official refused to respond to the grievance." Report and Recommendation, p. 19.

As his final objection to the Report and Recommendation, defendant Locke argues that the plaintiff did not provide him with notice of the exact nature of his complaint. He contends the requests to staff did not indicate that the plaintiff was complaining about the conduct of any detention officer. The magistrate judge rejected this argument, citing the plaintiff's evidence, unchallenged by the defendant, that the plaintiff submitted a grievance

---

*began. However, as noted by the magistrate judge, the plaintiff "stated under oath in the second amended complaint" that Locke was present and intentionally allowed the assault to occur. See Report and Recommendation, pp. 11-12.*

regarding the inmate assault. The court agrees with the magistrate judge's conclusion on this issue.

The court has conducted a *de novo* review of the portions of the Report and Recommendations to which objections were made, 28 U.S.C. § 636(b)(1)(c) and concurs with Magistrate Judge Bacharach's analysis and conclusions. Accordingly, the court adopts the Report and Recommendation and dismisses the plaintiff's claims against Oklahoma County and defendants Whetsel and Locke in their official capacities; grants summary judgment in favor of defendant Whetsel on the plaintiff's claims against him in his personal capacity; and denies defendant's Locke motion insofar as it pertains to the plaintiff's claim against him in his personal capacity for failure to provide adequate protection with respect to the incident occurring on September 24, 2006. The plaintiff's claims against defendant Locke that involve assaults that predate September 24, 2006, are dismissed as being time-barred and defendant Locke is granted summary judgment on the plaintiff's claim against him in his personal capacity based on alleged deliberate indifference to medical needs because of the plaintiff's failure to exhaust his administrative remedies.

**IT IS SO ORDERED**.

Dated this 3rd day of September, 2009.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE