IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| NICHOLAS A. DAVIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-08-550-HE |
| | ) | |
| OKLAHOMA COUNTY, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**REPORT AND RECOMMENDATION**
**CONCERNING MR. JOE HATHERLY IN HIS OFFICIAL CAPACITY**

Mr. Nicholas Davis alleges incitement of a prisoner assault, failure to provide protection from other inmates, and deliberate indifference to serious medical needs. In his official capacity, Defendant Joe Hatherly argues in part:

- expiration of the limitations period and related entitlement to dismissal of the claims for promotion of an inmate assault and failure to provide protection and

- failure to exhaust administrative remedies and related entitlement to summary judgment on the claims involving deliberate indifference to serious medical needs.[1]

The Court should grant Mr. Hatherly's dispositive motion on these grounds.

---

[1]     Mr. Hatherly's motion was filed as a motion to dismiss. *See* Defendant Joe Hatherly's Special Appearance and Motion to Dismiss in His Official Capacity at p. 1 (July 14, 2009) ("Defendant Hatherly's Dispositive Motion"). However, Mr. Hatherly incorporated his codefendants' earlier motion for dismissal or summary judgment. *See id.* at pp. 2-3, 5, 8-9 (incorporating Pre-Answer of Defendant's Oklahoma County, John Whetsel, and Brian Locke's Motion to Dismiss/Motion for Summary Judgment & Brief in Support at pp. 17-18 (Aug. 7, 2008) ("Defendants' First Dispositive Motion")).

<u>Mr. Hatherly's Motion to Dismiss</u>

In part, Mr. Hatherly seeks dismissal of the claims for promotion of an inmate assault and failure to provide protection.  As Mr. Hatherly argues, the limitations period has expired on these claims.

I.      <u>Standard for Dismissal</u>

Timeliness constitutes an affirmative defense.  *See* Fed. R. Civ. P. 8(c)(1). Nonetheless, "[i]f the allegations [in the complaint] . . . show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim . . . ."[2]  On this issue, the Petitioner bears the burden to establish "a factual basis for tolling" "when the dates given in the [petition] make clear that the right sued upon has been extinguished."  *Aldrich v. McCulloch Properties, Inc.*, 627 F.2d 1036, 1041 n.4 (10th Cir. 1980) (citations omitted).

---

[2]      *Jones v. Bock*, 549 U.S. 199, 215 (2007); *see also Rigsbee v. Oklahoma Department of Human Services*, 2007 WL 49091, Westlaw op. at 1 n.6 (W.D. Okla. Jan. 4, 2007) (unpublished op.) ("When a complaint shows that the claims are time-barred, dismissal for failure to state a valid claim is appropriate." (citation omitted)).

II.     Expiration of the Limitations Period

In the second amended complaint, Mr. Davis alleges an inmate assault on September 24, 2006.[3]  Second Amended Complaint at p. 5.  For this defendant, claims involving the inmate assault on September 24, 2006, would be time-barred.

A.      The Applicable Period of Limitations

The threshold issue is whether the period of limitations is one or two years.  Mr. Hatherly incorporates an argument that the limitations period is only one year,[4] but he is incorrect.

The Defendant incorporates an argument in which codefendants had classified the Plaintiff's allegation as one for "assault and battery" under Oklahoma law,[5] which bears a one-year period of limitations.[6]  But Mr. Davis did not bring a claim for assault and battery under Oklahoma law.  Instead, the Plaintiff sued under 42 U.S.C. § 1983 for violation of the Eighth Amendment.  *See id.* at pp. 2, 4.

_____

[3]      The second amended complaint also includes discussion of inmate assaults on October 26, 2004, February 20, 2005, and December 16, 2005.  *See* Civil Rights Complaint Pursuant to 42 U.S.C. § 1983 at p. 5 (Nov. 18, 2008) ("Second Amended Complaint").  But in his response, Mr. Davis explains that these incidents had only been included "to show the court the fact's [sic] of the case."  Plaintiff Oppose, to the Motion for Summary Judgment at p. 4 (Aug. 4, 2009) ("Plaintiff's Response").

[4]      *See* Defendant Hatherly's Dispositive Motion at p. 5; *see also* Defendants' First Dispositive Motion at pp. 22-23.

[5]      Defendants' First Dispositive Motion at pp. 22-23.

[6]      *See* Okla. Stat. tit. 12 § 95(A)(4).

3

In Section 1983 actions, the Court must apply the state's residual or general limitations period for personal injury actions.[7]  In Oklahoma, this period is two years.  *See* Okla. Stat. tit. 12 § 95(A)(3).

A similar issue arose in *Meade v. Grubbs*, 841 F.2d 1512 (10th Cir. 1988).  There a detainee alleged physical violence by sheriffs and sued under Section 1983.  *See Meade v. Grubbs*, 841 F.2d at 1517.  The defendants urged application of Oklahoma's one-year limitations period for claims involving assault and battery.  *See id.* at 1522 (citing Okla. Stat. Ann. tit. 12 § 95(4) (1987 supp.)).  The Tenth Circuit Court of Appeals rejected the argument, applying Oklahoma's two-year period of limitations for "'injury to the rights of another, not arising on contract, and not hereinafter enumerated.'"  *Id.* at 1524; *see* Okla. Stat. tit. 12 § 95(A)(3).

Under *Meade v. Grubbs*, the Court should apply Oklahoma's two-year period for personal injury actions rather than the one-year provision for assault and battery claims.

B.    Claims Involving the Alleged Assault on September 24, 2006

As noted above, the alleged assault took place on September 24, 2006.  *See supra* p. 3.  For injuries stemming from this assault, the two-year period of limitations would have ended on September 24, 2008.  *See supra* p. 4.  The Plaintiff filed the second amended complaint

---

[7]      *See Owens v. Okure*, 488 U.S. 235, 249-50 (1989) (holding "that where state law provides multiple statutes of limitations for personal injury actions, courts considering § 1983 claims should borrow the general or residual statute for personal injury actions" (footnote omitted)).

in November 2008, more than two years after the alleged assault had taken place.  By then, the two-year limitations period had already expired.

The claims against Defendant Hatherly can only be timely if the second amended complaint "relates back" to the filing of the initial complaint on May 22, 2008.  *See* Fed. R. Civ. P. 15(c)(1)(C) (allowing for amendment to add or change a party).[8]  Because Mr. Hatherly was not named in the original complaint,[9] the claim would relate back to May 22, 2008, only if Mr. Hatherly "knew or should have known that the action would have been brought against [him], but for a mistake concerning [Mr. Hatherly's] identity."[10]

In the original complaint, Mr. Davis identified Joe Hatherly as one of the deputy sheriffs present during the September 24, 2006, assault.  *See* Original Complaint at p. 5.  But the Plaintiff did not include Mr. Hatherly as a defendant.  *See supra* note 8.  The Plaintiff was

---

[8]      Rule 15(c)(1)(C) governs relation back of an amended complaint that "changes the party or the naming of the party against whom a claim is asserted."  But, "[a]dding a party is essentially no different from changing a party."  *Lundy v. Adamar of New Jersey, Inc.*, 34 F.3d 1173, 1192 (3d Cir. 1994) (Becker, J., concurring in part & dissenting in part).

      In the first and second amended complaints, Mr. Davis added Mr. Hatherly as a defendant. *See infra* p. 6 & note 11.  With the addition of this party, Rule 15(c)(1)(C) governed relation-back to the original complaint because the list of defendants had "changed."  *See Garrett v. Fleming*, 362 F.3d 692, 696 (10th Cir. 2004) (holding that [the predecessor to Rule 15(c)(1)(C)] governed relation-back because the plaintiff's amendment "amounted to adding a new party" (citations omitted)); *Bell v. City of Topeka, Kansas*, 279 Fed. Appx. 689, 692 (10th Cir. May 23, 2008) (unpublished op.) (applying Rule 15(c)(1)(C) when a plaintiff adds a new party); *accord Goodman v. Praxair, Inc.*, 494 F.3d 458, 468 (4th Cir. 2007) (holding that the addition of a party triggered [the predecessor to Rule 15(c)(1)(C)] because the plaintiff had "'changed' the party he was suing").

[9]      *See* Civil Rights Complaint Pursuant to 42 U.S.C. § 1983, *passim* (May 22, 2008) ("Original Complaint").

[10]     Fed. R. Civ. P. 15(c)(1)(C)(ii).

obviously not mistaken about Mr. Hatherly's identity.  Instead, Mr. Davis later changed his mind and decided to add Mr. Hatherly as a defendant.[11]  Consequently, Mr. Hatherly had no reason to believe that he would have been named in the first complaint absent a mistake in his identity.[12]

For Defendant Hatherly, the second amended complaint did not "relate back" to the original complaint.[13]  Thus, Mr. Davis' claims arising out of the inmate assault are untimely

---

[11]    *See* Motion Request for "Leave" at p. 1 (Sept. 23, 2008) ("Plaintiff would like to add a Fourth Defendant Detention Officer Joe Hatherley, under 42 USC § 1983, under Official Capacitie" [sic]).

[12]    One federal appeals court explained:

> Where there is a basis for the plaintiff to assert liability against the party or parties named in a complaint and there is no reason for another party to believe that the plaintiff did anything other than make a deliberate choice between potential defendants, courts have consistently held that the third requirement of [the predecessor to Rule 15(c)(1)(C)] is not met.

*Lundy v. Adamar of New Jersey, Inc.*, 34 F.3d 1173, 1183 (3d Cir. 1994) (citations omitted).  Thus, courts have repeatedly held that a subsequent complaint does not "relate back" to an earlier one when the plaintiff has simply changed his mind about who he wants to sue.  *See, e.g., Enterprise Mortgage Acceptance Co. v. Zar*, 391 F.3d 401, 405 n.2 (2d Cir. 2005) (holding that the relation-back doctrine did not apply when the plaintiffs had chosen not to name the new defendant in the original complaint, as no "mistake" had taken place for purposes of Rule 15(c)); *Lovelace v. O'Hara*, 985 F.2d 847, 850-51 (6th Cir. 1993) (holding that when the plaintiff altered the claim from the defendant's official capacity to his personal capacity, the change did not "relate back" under Rule 15(c) because it involved an "intentional choice" rather than a "mistake concerning identity"); *see also Bell v. City of Topeka, Kansas*, 279 Fed. Appx. 689, 692 (10th Cir. May 23, 2008) (unpublished op.) (holding that substitution of actual names for previously unidentified defendants does not relate back under Rule 15(c)(1)(C) because the plaintiff's ignorance of the party's identity did not involve a "mistake").

[13]    Arguably, the second amended complaint might have "related back" to the first amended complaint filed on October 20, 2008.  *See* Fed. R. Civ. P. 15(c)(1).  But by October 20, 2008, the limitations period had already expired on the Plaintiff's claim concerning an inmate assault on September 24, 2006.  *See supra* p. 4.

and Defendant Hatherly is entitled to dismissal of the official capacity claims relating to the assault on September 24, 2006.  Because amendment could not cure the defect, this part of the dismissal should be with prejudice.[14]

Mr. Hatherly's Motion for Summary Judgment

Incorporating a previous dispositive motion,[15] Defendant Hatherly also seeks summary judgment on the claims for deliberate indifference to serious medical needs based on nonexhaustion of administrative remedies.[16]  The Court should grant this part of Mr. Hatherly's motion.

I.     Standard for Summary Judgment

For his summary judgment motion, Defendant Hatherly bears the burden.  *See Trainor v. Apollo Metal Specialties, Inc.*, 318 F.3d 976, 982 (10th Cir. 2002).  And, because nonexhaustion of administrative remedies involves an affirmative defense,[17] Mr. Hatherly

---

[14]     *See United States v. Salina Regional Health Center, Inc.*, 543 F.3d 1211, 1214, 1216, 1226 (10th Cir. 2008) (holding that the district court had erred in dismissing state law claims without prejudice, rather than with prejudice, when they were barred by the statute of limitations); *see also Curley v. Perry*, 246 F.3d 1278, 1282 (10th Cir. 2001) (because no amendment could cure the defect, the district court properly dismissed the complaint with prejudice).

[15]     *See supra* note 1.

[16]     Mr. Hatherly also raises an exhaustion defense on the claims relating to the inmate assault on September 24, 2006.  Defendant Hatherly's Dispositive Motion at pp. 3-5.  But those claims are barred by the statute of limitations.  *See supra* pp. 2-7.  Thus, the Court need not decide if these claims had been properly exhausted.  *See* Prison Litigation Reform Act, 42 U.S.C. § 1997e(c)(2).

[17]     *See Jones v. Bock*, 549 U.S. 199, 216 (2007) (holding that nonexhaustion is an affirmative defense).

"must demonstrate that no disputed material fact exists." *Hutchinson v. Pfeil*, 105 F.3d 562, 564 (10th Cir. 1997) (citations omitted).

If Mr. Hatherly meets this burden, the Plaintiff would incur a duty to "demonstrate with specificity the existence of a disputed material fact." *Id.* If Mr. Davis fails to satisfy this duty, Defendant Hatherly would be entitled to summary judgment on the affirmative defense involving nonexhaustion of administrative remedies. *See id.*

II.    The Exhaustion Requirement

Federal law provides: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Prison Litigation Reform Act, 42 U.S.C. § 1997e(a). This law "requires proper exhaustion" of the prison's administrative remedies. *Woodford v. Ngo*, 548 U.S. 81, 92 (2006).

III.    The Need for Exhaustion Even When Monetary Damages Are Unavailable

The Plaintiff contends that he need not exhaust administrative remedies because they do not authorize money damages. Plaintiff's Response at p. 3. In support, the Plaintiff relies solely on *Rumbles v. Hill*, 182 F.3d 1064, 1066 (9th Cir. 1999). *Id.*

*Rumbles* was overruled in *Booth v. Churner*, 531 U.S. 956 (2000). *See Irvin v. Zamora*, 161 F. Supp. 2d 1125, 1126 (S.D. Cal. 2001) ("[t]he Supreme Court decision in *Booth* overrules *Rumbles*" (citation omitted)). In *Booth*, the Supreme Court held that "an

inmate seeking only money damages must complete a prison administrative process that could provide some sort of relief on the complaint stated, but no money."[18]   In these circumstances, the Court should reject Mr. Davis' effort to avoid the exhaustion requirement based on the unavailability of money damages in the administrative process.

IV.   The Administrative Process

The relevant events took place at the Oklahoma County Detention Center, which employs an administrative process.  First, an inmate should attempt to informally resolve the claim with a staff member.  *See* Defendants' First Dispositive Motion, Exh. 5 at p. 2.  If this attempt is unsuccessful, the inmate can file an informal request to staff.  *See id.*  If the inmate is not satisfied with the response, he may file a grievance within fifteen days of the incident or the response to the request to staff.  *See id.* at p. 2; *see also* Defendant's, Oklahoma County, John Whetsel, & Brian Locke, Supplement to Doc. 13-8, Exh. at p. 2 (Feb. 23, 2009).[19]  If the inmate remains dissatisfied, he can appeal to the Jail Administrator within ten days of an adverse ruling.  *See* Defendant's, Oklahoma County, John Whetsel, & Brian Locke, Supplement to Doc. 13-8, Exh. at p. 2 (Feb. 23, 2009).

---

[18]   *Booth v. Churner*, 532 U.S. 731, 734 (2001); *see also Woodford v. Ngo*, 548 U.S. 81, 85 (2006) ("as we held in *Booth*, a prisoner must now exhaust administrative remedies even where the relief sought - monetary damages - cannot be granted by the administrative process" (citation omitted)).

[19]   In his motion to dismiss, Mr. Hatherly incorporated the document cited in the text.  *See* Defendant Hatherly's Dispositive Motion at p. 3.

V.      Claims Concerning the Alleged Lack of Medical Care

The Plaintiff raises two claims concerning the alleged lack of medical care: (1) a lack of stitches for an open wound immediately following an inmate assault, and (2) a lack of subsequent treatment for complications arising from a broken nose.   Second Amended Complaint at pp. 5-6.

Mr. Hatherly incorporates evidence that Mr. Davis had not filed any grievances concerning these matters.  Defendant Hatherly's Dispositive Motion at p. 3; *see* Defendants' First Dispositive Motion, Exh. 5 at p. 3; Defendant's, Oklahoma County, John Whetsel, & Brian Locke, Supplement to Doc. 13-8, Exh. at p. 2 (Feb. 23, 2009).   In response, the Plaintiff has not presented any evidence to indicate completion of the administrative process on his medical claims.

Mr. Davis did state under oath that he had filed a grievance.  *See* Second Amended Complaint at pp. 6, 9.  The actual grievance, however, is not part of the record.  As a result, the only evidence of the content is the Plaintiff's description of the grievance.   And in a request to staff, Mr. Davis stated that he had "turned in . . . a grievance . . . concerning three I/Ms that assaulted me."  *Id.*, Exh. 8 at p. 2.

The evidence would support a finding that Mr. Davis had either failed to submit a grievance or had submitted one concerning the inmate assault.  *See supra* p. 10.  But there is no evidence of a grievance covering the alleged deficiencies in the medical treatment. Thus, Mr. Davis has not exhausted the administrative process on the medical claims.  In these

circumstances, Defendant Hatherly is entitled to summary judgment on the official capacity claims concerning inadequate medical treatment.

## Recommended Disposition

Because the limitations period has expired, the Court should grant Mr. Hatherly's motion to dismiss on the official capacity claims relating to promotion of an inmate assault and failure to provide adequate protection. This part of the dismissal should be with prejudice.

Mr. Hatherly is also entitled to summary judgment on the official capacity claims relating to inadequate medical treatment. These claims were not exhausted in the administrative proceedings.

## Notice of the Right to Object

The parties can object to the present report and recommendation. Any such objection must be filed with the Clerk of this Court by September 28, 2009. *See* W.D. Okla. Local Civil Rule 72.1. The failure to timely object would foreclose appellate review of the suggested rulings.[20]

---

[20]    *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *cf. Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").

Status of the Referral

The referral is not terminated.

Entered this 8th day of September, 2009.

Robert E. Bacharach
United States Magistrate Judge