IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

NICHOLAS A. DAVIS,              )
                               )
             Plaintiff,        )
                               )
v.                             )        Case No. CIV-08-550-HE
                               )
OKLAHOMA COUNTY, *et al.*,      )
                               )
             Defendants.       )

**REPORT AND RECOMMENDATION
CONCERNING THE PERSONAL CAPACITY
<u>CLAIMS AGAINST MR. JOE HATHERLY</u>**

Mr. Nicholas Davis alleges incitement of an inmate assault, failure to provide protection from an inmate assault, and deliberate indifference to serious medical needs. For Mr. Joe Hatherly in his official capacity, the undersigned has recommended:

- dismissal of the claims for promotion of an inmate assault and failure to supply protection and

- summary judgment to the Defendant on the claims for deliberate indifference to serious medical needs.[1]

The Court should reach the same outcome on the personal capacity claims against Mr. Hatherly.

---

[1]     Report and Recommendation Concerning Mr. Joe Hatherly in His Official Capacity at pp. 2-11 (Sept. 8, 2009) (unpublished report and recommendation by magistrate judge).

Claims Involving Promotion of an Inmate
Assault and Failure to Provide Protection:
<u>Sua Sponte</u> Dismissal Based on the Statute of Limitations

For Mr. Hatherly in his individual capacity, the Court should *sua sponte* dismiss the claims related to the inmate assault.

I.      Necessity of Screening and Applicable Standard for Dismissal

Because Mr. Davis is proceeding *in forma pauperis*,[2] the Court should screen the second amended complaint to determine whether it states a claim on which relief can be granted.[3]  When a statute of limitations is involved, the Court can order dismissal *sua sponte* "'only when the defense is obvious from the face of the complaint and no further factual record is required to be developed.'"[4]  But "[i]f the allegations [in the complaint] . . . show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim . . . ."[5]

---

[2]      *See* Order Granting Leave to Proceed *In Forma Pauperis* (May 30, 2008).

[3]      *See* Prison Litigation Reform Act, 28 U. S.C. § 1915(e)(2)(B)(ii).  The screening process continues throughout the litigation, as the statute requires dismissal "at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted."  *Id.*

[4]      *Fogle v. Pierson*, 435 F.3d 1252, 1258 (10th Cir. 2006) (citation omitted).

[5]      *Jones v. Bock*, 549 U.S. 199, 215 (2007); *see also Rigsbee v. Oklahoma Department of Human Services*, 2007 WL 49091, Westlaw op. at 1 n.6 (W.D. Okla. Jan. 4, 2007) (unpublished op.) ("When a complaint shows that the claims are time-barred, dismissal for failure to state a valid claim is appropriate." (citation omitted)).

II.   <u>Expiration of the Limitations Period</u>

In the second amended complaint, Mr. Davis alleges an inmate assault on September 24, 2006.[6]  For Mr. Hatherly in his personal capacity, the related claims are time-barred as a matter of law.

In Section 1983 actions, the Court must apply the state's residual or general limitations period for personal injury actions.[7]  In Oklahoma, this period is two years.[8]  Thus, for injuries stemming from the assault, the two-year period of limitations would have ended on September 24, 2008.  The Plaintiff filed the second amended complaint in November 2008, more than two years after the alleged assault had taken place.  By then, the two-year limitations period had already expired.

The claims against Defendant Hatherly can only be timely if the second amended complaint "relates back" to the filing of the initial complaint on May 22, 2008.[9]  Because Mr.

---

[6]      Civil Rights Complaint Pursuant to 42 U.S.C. § 1983 at p. 5 (Nov. 18, 2008) ("Second Amended Complaint").  In the second amended complaint, Mr. Davis also referred to inmate assaults on October 26, 2004, February 20, 2005, and December 16, 2005.  *Id.*  Elsewhere, Mr. Davis explains that he had included these incidents only "to show the court the fact's [sic] of the case."  Plaintiff Oppose, to the Motion for Summary Judgment at p. 4 (Aug. 4, 2009).

[7]      *See Owens v. Okure*, 488 U.S. 235, 249-50 (1989) (holding "that where state law provides multiple statutes of limitations for personal injury actions, courts considering § 1983 claims should borrow the general or residual statute for personal injury actions" (footnote omitted)).

[8]      *See* Okla. Stat. tit. 12 § 95(A)(3).

[9]      Rule 15(c)(1)(C) governs relation back of an amended complaint that "changes the party or the naming of the party against whom a claim is asserted."  Fed. R. Civ. P. 15(c)(1)(C).  But, "[a]dding a party is essentially no different from changing a party."  *Lundy v. Adamar of New Jersey, Inc.*, 34 F.3d 1173, 1192 (3d Cir. 1994) (Becker, J., concurring in part & dissenting in part).

In the first and second amended complaints, Mr. Davis added Mr. Hatherly as a defendant.

Hatherly was not named in the original complaint,[10] the claim would relate back to May 22, 2008, only if Mr. Hatherly "knew or should have known that the action would have been brought against [him], but for a mistake concerning [his] identity."[11]

In the original complaint, Mr. Davis identified Joe Hatherly as one of the deputy sheriffs present during the September 24, 2006, assault.[12]  Even though Mr. Hatherly was omitted as a party in the original complaint, the Plaintiff was obviously not mistaken about the deputy sheriff's identity.  Mr. Davis apparently changed his mind during the proceedings and decided to add Mr. Hatherly as a defendant.[13]  But when the original complaint was filed, Mr. Hatherly had no reason to believe that he would have been named as a defendant absent a mistake in his identity.[14]

---

*See* Civil Rights Complaint Pursuant to 42 U.S.C. § 1983 at p. 3 (Oct. 20, 2008); Second Amended Complaint at p. 3.  With the addition of this party, Rule 15(c)(1)(C) governed relation-back to the original complaint because the list of defendants had "changed."  *See Garrett v. Fleming*, 362 F.3d 692, 696 (10th Cir. 2004) (holding that [the predecessor to Rule 15(c)(1)(C)] governed relation-back because the plaintiff's amendment "amounted to adding a new party" (citations omitted)); *Bell v. City of Topeka, Kansas*, 279 Fed. Appx. 689, 692 (10th Cir. May 23, 2008) (unpublished op.) (applying Rule 15(c)(1)(C) when a plaintiff adds a new party); *accord Goodman v. Praxair, Inc.*, 494 F.3d 458, 468 (4th Cir. 2007) (holding that the addition of a party triggered [the predecessor to Rule 15(c)(1)(C)] because the plaintiff had "'changed' the party he was suing").

[10]     *See* Civil Rights Complaint Pursuant to 42 U.S.C. § 1983, *passim* (May 22, 2008) ("Original Complaint").

[11]     Fed. R. Civ. P. 15(c)(1)(C)(ii).

[12]     *See* Original Complaint at p. 5.

[13]     *See* Motion Request for "Leave" at p. 1 (Sept. 23, 2008) ("Plaintiff would like to add a Fourth Defendant Detention Officer Joe Hatherley, under 42 USC § 1983, under Official Capacitie" [sic]).

[14]     One federal appeals court explained:

For Defendant Hatherly, the second amended complaint did not "relate back" to the original complaint.[15]  Thus, Mr. Davis' causes of action arising out of the inmate assault are untimely and the Court should *sua sponte* dismiss the individual capacity claims against Mr.

----

> Where there is a basis for the plaintiff to assert liability against the party or parties named in a complaint and there is no reason for another party to believe that the plaintiff did anything other than make a deliberate choice between potential defendants, courts have consistently held that the third requirement of [the predecessor to Rule 15(c)(1)(C)] is not met.

*Lundy v. Adamar of New Jersey, Inc.*, 34 F.3d 1173, 1183 (3d Cir. 1994) (citations omitted).  Thus, courts have repeatedly held that a subsequent complaint does not "relate back" to an earlier one when the plaintiff has simply changed his mind about who he wants to sue.  *See*, *e.g.*, *Enterprise Mortgage Acceptance Co. v. Zar*, 391 F.3d 401, 405 n.2 (2d Cir. 2005) (holding that the relation-back doctrine did not apply when the plaintiffs had chosen not to name the new defendant in the original complaint, as no "mistake" had taken place for purposes of Rule 15(c)); *Lovelace v. O'Hara*, 985 F.2d 847, 850-51 (6th Cir. 1993) (holding that when the plaintiff altered the claim from the defendant's official capacity to his personal capacity, the change did not "relate back" under Rule 15(c) because it involved an "intentional choice" rather than a "mistake concerning identity"); *see also Bell v. City of Topeka, Kansas*, 279 Fed. Appx. 689, 692 (10th Cir. May 23, 2008) (unpublished op.) (holding that substitution of actual names for previously unidentified defendants does not relate back under Rule 15(c)(1)(C) because the plaintiff's ignorance of the party's identity did not involve a "mistake").

[15]     Arguably, the second amended complaint might have "related back" to the first amended complaint filed on October 20, 2008.  *See* Fed. R. Civ. P. 15(c)(1); *see also supra* note 9 (noting that Mr. Hatherly had been added as a party in the first and second amended complaints).  But by October 20, 2008, the limitations period had already expired on the Plaintiff's claim concerning an inmate assault on September 24, 2006.  *See supra* p. 3.

Hatherly relating to the altercation on September 24, 2006.  Because amendment could not cure the defect, the dismissal should be with prejudice.[16]

**Claims Involving Deliberate Indifference to Serious
Medical Needs: *Sua Sponte* Award of Summary Judgment
Based on Nonexhaustion of Available Administrative Remedies**

As a matter of law, Mr. Davis did not exhaust his medical claims.  Consequently, for these claims, the Court should *sua sponte* grant summary judgment to Mr. Hatherly in his individual capacity.

I.      Permissibility of Summary Judgment *Sua Sponte*

The United States Supreme Court has held that a court may enter summary judgment *sua sponte* so long as the losing party was on notice that it had a duty to present all of its evidence.[17]  Mr. Davis has twice obtained notice of a duty to present all of his evidence on the exhaustion issue.  The first time took place when Mr. Davis was confronted with an exhaustion argument in the dispositive motion by Oklahoma County, John Whetsel, and Brian Locke.[18]  The second time was when Mr. Hatherly urged nonexhaustion in his

---

[16]     *See United States v. Salina Regional Health Center, Inc.*, 543 F.3d 1211, 1214, 1216, 1226 (10th Cir. 2008) (holding that the district court had erred in dismissing state law claims without prejudice, rather than with prejudice, when they were barred by the statute of limitations); *see also Curley v. Perry*, 246 F.3d 1278, 1282 (10th Cir. 2001) (because no amendment could cure the defect, the district court properly dismissed the complaint with prejudice).

[17]     *Celotex Corporation v. Catrett*, 477 U.S. 317, 326 (1986).

[18]     *See* Defendant's, Oklahoma County, John Whetsel, & Brian Locke, Motion to Dismiss Amended Complaint & Brief in Support at pp. 3-5 (Dec. 8, 2008) (raising nonexhaustion of administrative remedies as a defense); *see also* Order at p. 1 (Dec. 16, 2008) (explaining that the dispositive motion would be considered in part as a motion for summary judgment and cautioning that Mr. Davis had an obligation to present counter evidence).

dispositive motion on the official capacity claims.[19]  Both times, Mr. Davis failed to present

evidence that would create a genuine issue of material fact on administrative exhaustion of

the medical claims.[20]  Thus, on these claims, the Court can *sua sponte* enter summary

judgment for Mr. Hatherly in his individual capacity.[21]

## II.    The Standard for Summary Judgment

Summary judgment is necessary when "the pleadings, the discovery and disclosure

materials on file, and any affidavits show that there is no genuine issue as to any material fact

and that the movant is entitled to judgment as a matter of law."[22]  When a summary judgment

---

[19]    *See* Defendant Joe Hatherly's Special Appearance and Motion to Dismiss in His Official Capacity at pp. 3-5 (July 14, 2009) (urging nonexhaustion of administrative remedies); *see also* Order at p. 1 (July 16, 2009) (explaining that the dispositive motion would be considered in part as a motion for summary judgment and notifying Mr. Davis of the need to present counter evidence).

[20]    *See infra* pp. 7-10.

[21]    *See David v. City and County of Denver*, 101 F.3d 1344, 1358-59 (10th Cir. 1996) (holding that a municipality was entitled to summary judgment *sua sponte* because the grounds had been fully argued by other defendants); *Duncan v. Cody*, 2009 WL 762393, Westlaw op. at 1, 6 (W.D. Okla. Mar. 23, 2009) (unpublished op.) (holding that the court can grant summary judgment *sua sponte* to a party that had not filed the motion when the claimant had obtained notice of the need to present evidence on the issue); *accord Malak v. Associated Physicians, Inc.*, 784 F.2d 277, 280 (7th Cir. 1986) ("where one defendant files a motion for summary judgment which the court grants, the district court may *sua sponte* enter summary judgment in favor of additional non-moving defendants if the motion raised by the first defendant is equally effective in barring the claim against the other defendants and the plaintiff had an adequate opportunity to argue in opposition to the motion" (citation omitted)).

[22]    Fed. R. Civ. P. 56(c).

motion is filed, "[t]he court views the record and draws all favorable inferences in the light

most favorable to the non-moving party."[23]

## III.    The Exhaustion Requirement

Federal law provides: "No action shall be brought with respect to prison conditions

under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail,

prison, or other correctional facility until such administrative remedies as are available are

exhausted."[24]

## IV.    The Administrative Process

The relevant events took place at the Oklahoma County Detention Center, which

employs an administrative process.  Under this process, an inmate should first attempt to

informally resolve the claim with a staff member.[25]  If this attempt is unsuccessful, the inmate

can file an informal request to staff.[26]  If the inmate is not satisfied with the response, he may

file a grievance within fifteen days of the incident or the response to the request to staff.[27]

---

[23]    *Pepsi-Cola Bottling Co. of Pittsburg, Inc. v. PepsiCo, Inc.*, 431 F.3d 1241, 1255 ( 10th Cir. 2005) (citation omitted).

[24]    Prison Litigation Reform Act, 42 U.S.C. § 1997e(a).

[25]    *See* Pre-Answer of Defendant's Oklahoma County, John Whetsel, and Brian Locke's Motion to Dismiss/Motion for Summary Judgment & Brief in Support, Exh. 5 at p. 2 (Aug. 7, 2008).

[26]    *See* Pre-Answer of Defendant's Oklahoma County, John Whetsel, and Brian Locke's Motion to Dismiss/Motion for Summary Judgment & Brief in Support, Exh. 5 at p. 2 (Aug. 7, 2008).

[27]    *See* Pre-Answer of Defendant's Oklahoma County, John Whetsel, and Brian Locke's Motion to Dismiss/Motion for Summary Judgment & Brief in Support, Exh. 5 at p. 2 (Aug. 7, 2008); *see also* Defendant's, Oklahoma County, John Whetsel, & Brian Locke, Supplement to Doc 13-8, Exh. at p. 2 (Feb. 23, 2009).

If the inmate remains dissatisfied, he can appeal to the Jail Administrator within ten days of an adverse ruling.[28]

V.     Claims Concerning the Alleged Lack of Medical Care

The Plaintiff raises two claims concerning the alleged lack of medical care: (1) a lack of stitches for an open wound immediately following an inmate assault, and (2) a lack of subsequent treatment for complications arising from a broken nose.[29] The Plaintiff has never presented evidence of a grievance on the medical issues.[30]

Mr. Davis did state under oath that he had filed a grievance.[31]  The actual grievance, however, is not part of the record.  As a result, the only evidence of the content is the Plaintiff's description of the grievance.  And in a request to staff, Mr. Davis stated that he had "turned in . . . a grievance . . . concerning three I/Ms that assaulted me."[32]

The evidence would support a finding that Mr. Davis had either failed to submit a grievance or had submitted one concerning the inmate assault.  But there is no evidence of a grievance covering the alleged deficiencies in the medical treatment.  Thus, Mr. Davis has

---

[28]     See Defendant's, Oklahoma County, John Whetsel, & Brian Locke, Supplement to Doc 13-8, Exh. at p. 2 (Feb. 23, 2009).

[29]     Second Amended Complaint at pp. 5-6.

[30]     See Pre-Answer of Defendant's Oklahoma County, John Whetsel, and Brian Locke's Motion to Dismiss/Motion for Summary Judgment & Brief in Support, Exh. 5 at p. 3 (Aug. 7, 2008); Defendant's, Oklahoma County, John Whetsel, & Brian Locke, Supplement to Doc 13-8, Exh. at p. 2 (Feb. 23, 2009).

[31]     See Second Amended Complaint at pp. 6, 9.

[32]     Second Amended Complaint, Exh. 8 at p. 2.

not exhausted the administrative process on the medical claims.  In these circumstances, Defendant Hatherly is entitled to *sua sponte* summary judgment on the individual capacity claims concerning inadequate medical treatment.

## Recommended Disposition

Because the limitations period has expired, the Court should *sua sponte* dismiss the individual capacity claims against Mr. Hatherly relating to promotion of an inmate assault and failure to provide adequate protection.  The dismissal should be with prejudice.

Mr. Hatherly is also entitled to a *sua sponte* award of summary judgment on the individual capacity claims relating to inadequate medical treatment.  These claims were not exhausted in the administrative proceedings.

## Notice of the Right to Object

Mr. Davis can object to the present report and recommendation.  Any such objection must be filed with the Court Clerk of the Western District of Oklahoma by October 29, 2009.[33]  The failure to timely object would foreclose appellate review of the suggested rulings.[34]

## Status of the Referral

The referral is not terminated.

---

[33]     *See* W.D. Okla. Local Civil Rule 72.1.

[34]     *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *cf. Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").

Entered this 9th day of October, 2009.

Robert E. Bacharach
United States Magistrate Judge