IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| NICHOLAS A. DAVIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-08-550-HE |
| | ) | |
| OKLAHOMA COUNTY, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**REPORT AND RECOMMENDATION CONCERNING
THE PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

In the second amended complaint, Mr. Nicholas Davis alleges promotion of a prisoner assault, failure to provide protection from other inmates, and deliberate indifference to serious medical needs.

Mr. Davis seeks summary judgment against all of the named defendants. The Plaintiff's motion for summary judgment against Mr. Locke should be denied. For the claims involving Oklahoma County, John Whetsel, and Joe Hatherly, the Court should reject Mr. Davis' motion on grounds of mootness.

PROCEDURAL STATUS

In prior orders, the Court has:

- dismissed all claims against Oklahoma County and Messrs. Whetsel and Locke in their official capacities;[1]

---

[1] Report and Recommendation at pp. 7-8 (June 29, 2009) (unpublished op.), *adopted*, Order at p. 4 (Sept. 3, 2009) (unpublished op.).

- granted summary judgment to Mr. Whetsel in his personal capacity;[2]

- dismissed all personal capacity claims against Mr. Locke involving assaults prior to September 24, 2006;[3] and

- granted summary judgment to Mr. Locke in his personal capacity on the medical claims.[4]

The undersigned has also recommended: (1) dismissal of the claims against Mr. Hatherly relating to the inmate assault,[5] and (2) summary judgment to Mr. Hatherly on the medical claims.[6]

With the suggested rulings, the only remaining claims would involve Mr. Brian Locke in his personal capacity for promotion of a prison assault and failure to supply protection from an inmate altercation on September 24, 2006.

---

[2] Report and Recommendation at pp. 5-7 (June 29, 2009) (unpublished op.), *adopted*, Order at p. 4 (Sept. 3, 2009) (unpublished op.).

[3] Report and Recommendation at pp. 20-23 (June 29, 2009) (unpublished op.), *adopted*, Order at p. 4 (Sept. 3, 2009) (unpublished op.).

[4] Report and Recommendation at pp. 25-27 (June 29, 2009) (unpublished op.), *adopted*, Order at p. 4 (Sept. 3, 2009) (unpublished op.).

[5] Report and Recommendation Concerning Mr. Joe Hatherly in His Official Capacity at pp. 2-7 (Sept. 8, 2009) (unpublished op.) (official capacity claims); Report and Recommendation Concerning the Personal Capacity Claims Against Mr. Joe Hatherly at pp. 2-6, 10 (Oct. 9, 2009) (unpublished op.) (individual capacity claims).

[6] Report and Recommendation Concerning Mr. Joe Hatherly in His Official Capacity at pp. 7-11 (Sept. 8, 2009) (unpublished op.) (official capacity claims); Report and Recommendation Concerning the Personal Capacity Claims Against Mr. Joe Hatherly at pp. 6-10 (Oct. 9, 2009) (unpublished op.) (individual capacity claims).

## STANDARD FOR SUMMARY JUDGMENT

Mr. Davis bears the burden to establish an entitlement to summary judgment. *See Trainor v. Apollo Metal Specialties, Inc.*, 318 F.3d 976, 982 (10th Cir. 2002). Summary judgment is necessary when "the pleadings, the discovery and disclosure materials on file, and any affidavits[7] show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In making this determination, "[t]he court views the record and draws all favorable inferences in the light most favorable to the non-moving party." *Pepsi-Cola Bottling Co. of Pittsburg, Inc. v. PepsiCo, Inc.*, 431 F.3d 1241, 1255 (10th Cir. 2005) (citation omitted).

The burden of persuasion also falls on the Plaintiff for the elements of a *prima facie* case. *See Doe v. Bagan*, 41 F.3d 571, 573 (10th Cir. 1994) (stating that the plaintiffs bear the burden of proof on the essential elements of their case on a claim involving Section 1983). Thus, he incurs a "stringent" burden to "establish, as a matter of law, all essential elements of the issue before the [Defendant] can be obligated to bring forward any specific facts alleged to rebut the movant's case." *Pelt v. Utah*, 539 F.3d 1271, 1280 (10th Cir. 2008) (citation omitted).

---

[7] For purposes of summary judgment, the second amended complaint is treated as an affidavit because it had been submitted under oath. Civil Rights Complaint Pursuant to 42 U.S.C. § 1983 at p. 9 (Nov. 18, 2008) ("Second Amended Complaint"); *see Conaway v. Smith*, 853 F.2d 789, 792 (10th Cir. 1988) (*per curiam*) ("a verified complaint may be treated as an affidavit for purposes of summary judgment if it satisfies the standards for affidavits set out in Rule 56(e)" (citations omitted)).

THE PLAINTIFF'S REQUEST FOR SUMMARY JUDGMENT ON THE
REMAINING INDIVIDUAL CAPACITY CLAIMS AGAINST BRIAN LOCKE

According to Mr. Davis, Mr. Locke incited a prisoner assault on September 24, 2006, and failed to provide protection from the altercation. Second Amended Complaint at pp. 2, 5. The Court should deny the Plaintiff's motion for summary judgment on these claims.

A.   Standard Under the Eighth Amendment

Under the Eighth Amendment, prison officials must "tak[e] reasonable measures to guarantee the inmates' safety." *Barney v. Pulsipher*, 143 F.3d 1299, 1310 (10th Cir. 1998) (citation omitted). For liability under the Eighth Amendment, a plaintiff must satisfy two requirements, consisting of an objective and subjective component.

The objective component requires "sufficient[] serious[ness]" of the alleged deprivation. *Wilson v. Seiter*, 501 U.S. 294, 298 (1991). This component "'must draw its meaning from the evolving standards of decency that mark the progress of a maturing society.'" *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981) (quoting *Trop v. Dulles*, 356 U.S. 86, 101 (1958)).

The subjective component requires prison officials to have a "sufficiently culpable state of mind." *Wilson v. Seiter*, 501 U.S. at 297. Culpability occurs when prison officials act with deliberate indifference to a substantial risk of serious harm for an inmate. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994). "Deliberate indifference" exists when the official draws an inference of "a substantial risk of serious harm." *Id.* at 837.

B.   Mr. Davis' Required Showing to Justify Summary Judgment

To justify summary judgment on his Eighth Amendment claims, Mr. Davis bears the burden to establish his right to judgment as a matter of law. *See supra* p. 3. Material facts remain in dispute regarding the subjective element.

The Objective Element of the Eighth Amendment

Mr. Davis claims that he had been beaten with a broomstick by three inmates. Second Amended Complaint at pp. 2, 5. Defendant Locke does not dispute the existence of the assault. *See* Defendant Bryan Locke's Response Re: Motion for Summary Judgment and Brief in Support, Exh. 1 (Sept. 10, 2009) ("Defendant Locke's Response"). The Court can assume *arguendo* that Mr. Davis has demonstrated the absence of a material dispute on the objective element of the Eighth Amendment.

The Subjective Element of the Eighth Amendment

According to the Plaintiff, Defendant Locke encouraged the attack and watched the altercation without any effort to intervene. Second Amended Complaint at pp. 2, 5. But Mr. Locke states under oath that he did not promote the attack or allow it to take place. For example, Mr. Locke states under oath that he:

- had no prior knowledge that Mr. Davis needed protection from the inmates,

- was not aware that the Plaintiff was alone in the dayroom or that these inmates had entered the area without handcuffs,

- did not open the doors to allow these inmates into the pod,

- had no conversations with these inmates to encourage an inmate assault, and

- was in a restroom when the attack took place and did not arrive on the scene until the fighting had ended.

Defendant Locke's Response, Exh. 1 at pp. 1-2 (affidavit of Brian Locke).

Mr. Locke's sworn statements create a classic swearing match which cannot be resolved on a motion for summary judgment. Mr. Davis' claims would suggest that Defendant Locke had a sufficiently culpable state of mind under the Eighth Amendment, and Mr. Locke's sworn statements would suggest the opposite. Because a reasonable fact-finder could conclude that Defendant Locke was not deliberately indifferent to inmate safety, the Plaintiff has failed to prove entitlement to summary judgment.

C. <u>Summary</u>

Material facts remain in dispute, and a reasonable fact-finder could conclude that Mr. Locke was not deliberately indifferent to Mr. Davis' safety. Consequently, the Court should deny Mr. Davis' motion for summary judgment against Mr. Locke in his individual capacity.

THE PLAINTIFF'S REQUEST FOR SUMMARY
<u>JUDGMENT ON ALL OTHER CLAIMS</u>

As noted above, the Court has already terminated: (1) all claims involving Oklahoma County and John Whetsel, (2) the official capacity claims against Brian Locke, and (3) the medical claims concerning Brian Locke in his individual capacity. And the undersigned has recommended termination of all claims involving Mr. Hatherly. Consequently, Mr. Davis' summary judgment motion on these issues is moot.[8]

---

[8] *See Jones v. Bass*, 149 Fed. Appx. 764, 765-66 (10th Cir. Sept. 2, 2005) (unpublished op.) (affirming the dismissal of all claims against the defendants and denial of the plaintiff's summary

## RECOMMENDED DISPOSITION

The Court should deny the Plaintiff's motion for summary judgment.

## NOTICE OF THE RIGHT TO OBJECT

The parties can object to the present report and recommendation. Any such objection must be filed with the Clerk of this Court by October 29, 2009. *See* W.D. Okla. Local Civil Rule 72.1. The failure to timely object would foreclose appellate review of the suggested ruling.[9]

## STATUS OF THE REFERRAL

The referral is terminated. However, the suggested rulings would preserve the Eighth Amendment claims against Mr. Locke in his individual capacity. Thus, the undersigned would recommend a new referral for:

- notification to the parties of their right to consent to referral of the action to a magistrate judge[10] and

- inquiry about the possibility of a request for counsel on behalf of Mr. Davis.[11]

---

judgment motion on grounds of mootness); *Hutchinson v. Pfeil*, 211 F.3d 1278, 2000 WL 345688, Westlaw op. at 1, 5 (10th Cir. Apr. 4, 2000) (unpublished op.) (same).

[9] *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *cf. Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").

[10] *See* Fed. R. Civ. P. 73(b).

[11] *See* Prison Litigation Reform Act, 28 U.S.C. § 1915(e)(1).

Entered this 9th day of October, 2009.

_____
Robert E. Bacharach
United States Magistrate Judge